**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ADRIAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:26-CV-980-CMS |
| | ) |
| | ) |
| AT&T INC., et al., | ) |
| | ) |
| Defendants. | ) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on self-represented Plaintiff Adrian Johnson's application to proceed without prepaying costs and fees. ECF No. 2. Having reviewed the application, the Court finds that Plaintiff cannot pay the filing fee and will waive the fee. Plaintiff has also filed a motion for leave to participate in electronic filing, ECF No. 3, and a motion for temporary restraining order and preliminary injunction, ECF No. 4. For the reasons discussed below, the Court will deny these motions. Finally, Plaintiff will be directed to file an amended complaint on a Court form. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms.").

### Background

Plaintiff filed the instant action on June 19, 2026, alleging several statutory violations against defendants AT&T Inc., AT&T Mobility LLC, and FirstNet. ECF No. 1. Plaintiff's complaints stem from a "fraud flag" that allegedly has interfered with Plaintiff's ability to get personal wireless service from AT&T. *Id*. at 2-3. Plaintiff also allegedly could not get connected to the FirstNet network. *Id*. at 3.  Plaintiff further claims that, when Plaintiff complained to the

FCC, AT&T retaliated by disconnecting Plaintiff's service and only returned it to a "degraded" form. *Id*. at 6-7. Plaintiff allegedly filed for bankruptcy on October 30, 2025, and AT&T is one of the creditors. *Id*. at 4. Plaintiff complains that, since the bankruptcy, AT&T has denied Plaintiff personal wireless service and Plaintiff was forced to switch to a T-Mobile account. *Id*. Plaintiff nonetheless maintains other accounts with AT&T, including a fiber account and a business cellular account. *Id*. at 5. Finally, Plaintiff alleges race and gender discrimination. *Id*. at 7.

### Motion for Temporary Restraining Order

On June 19, 2026, Plaintiff filed a motion for temporary restraining order and preliminary injunction. ECF No. 4. Plaintiff asks the Court to order AT&T to provide personal wireless service to Plaintiff and to remove the fraud flag. *Id*. at 5.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). These factors are also considered to determine the propriety of a temporary restraining order. *See S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

The burden of proof is on the party seeking injunctive relief. *Gelco Corp. v. Coniston Partners,* 811 F.2d 414, 418 (8th Cir. 1987). "The threshold inquiry is whether the movant has shown the threat of irreparable injury. The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction…" *Id*.

After reviewing the motion, the Court finds that Plaintiff has failed to establish irreparable harm. Plaintiff's personal cellular service is now with T-Mobile. How Plaintiff suffers any harm,

2

much less irreparable harm, from having a personal cellular account with T-Mobile, rather than AT&T, is unclear at best. Plaintiff also apparently has a business cellular account with AT&T. Thus, Plaintiff's claims that being deprived of a personal cellular account causes concrete and ongoing harm strains credulity given the other cellular services available to Plaintiff. Because Plaintiff has failed to show irreparable harm, the motion for a temporary restraining order and preliminary injunction will be denied.

### Motion for Leave to Participate in Electronic Filing

On June 19, 2026, Plaintiff filed a motion for leave to participate in electronic filing. ECF No. 3. This motion will be denied. Self-represented litigants are not granted access to the CM/ECF filing system in this Court. Plaintiff can continue to submit filings by email or mail.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to participate in electronic filing (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's Civil Complaint form.

**IT IS FINALLY ORDERED** that Plaintiff must file an amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that the amended complaint will take the place of the original filing and will be the only pleading that this Court will review.

3

Dated this 24th day of June 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE